| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Class Action |

Bradley Sutton,
on behalf of himself and
all others similarly situated,

    Plaintiff,

-vs-                                      **SUMMONS**

FCA Restaurant Company, LLC,
a foreign corporation d/b/a Martini Blu
and Life Time Fitness, Inc.,
a Minnesota corporation,

    Defendants.

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT(S)

You are hereby summoned and required to serve an Answer to the Complaint, which is herewith served upon you, within twenty (20) days after service, exclusive of the day of service. If you should fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

<u>ALTERNATIVE DISPUTE RESOLUTION</u>

PLEASE TAKE NOTICE pursuant to Minn. Stat. §543.22, that the alternative dispute resolution process may be available and apply to this proceeding to facilitate possible resolution of the claims set forth herein, through arbitration, mediation, neutral fact finding, settlement conference and other procedures more fully described at Rule 114 of the Minnesota General Rules of Practice for the District Courts.

**EXHIBIT A**

Respectfully submitted,

Dated: August 7, 2008

Nathan H. Bjerke
Robert W. Roe
CHAMPION LAW LLC
3252 Rice Street
St. Paul, Minnesota 55126
Telephone: 651/766-5885

Curtis P. Zaun
Attorney at Law
3405 Major Avenue North
Minneapolis, Minnesota 55422
Telephone: 651/216-3308

Garrett Blanchfield
Reinhardt Wendorf & Blanchfield
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
Telephone: 651/287-2100

**Attorneys for Plaintiff and the Class**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Class Action |

Bradley Sutton,
on behalf of himself and
all others similarly situated,

          Plaintiff,

v.

FCA Restaurant Company, LLC,
a foreign corporation d/b/a Martini Blu
and Life Time Fitness, Inc.,
a Minnesota Corp.

          Defendants.

Court File No.:

**COMPLAINT**

## CLASS ACTION COMPLAINT

### I. Preliminary Statement

1.    This is a consumer class action based upon Defendants' violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, *as amended* (the "FCRA"). This section of the FCRA, like many others, was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires companies that accept credit and debit cards to truncate the card information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen

to ignore complying with the FCRA. As such, consumers who purchase food and/or drinks from Defendant receive none of the benefits that Section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

## II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p which states that an action "may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction. . . ." In addition, to the best of plaintiff's knowledge, information and belief, at least two-thirds of the plaintiffs are citizens of Minnesota and Defendant Life Time Fitness, Inc., from which plaintiffs seek significant relief, is a Minnesota Corporation.

3. Venue lies properly in Hennepin County under Minn. Stat. §542.09 because the alleged illegal activity took place in Hennepin County, Plaintiff Sutton resides in Hennepin County and Defendants FCA Restaurant Company LLC and Life Time Fitness, Inc. have registered offices in Hennepin County.

## III. Parties

4. Plaintiff Bradley Sutton is an adult individual who resides in Hennepin County, Minnesota.

5. Martini Blu is a bar and restaurant located at 615 2nd Avenue South in Minneapolis, Minnesota.

6. FCA Restaurant Company, LLC is an inactive foreign corporation whose registered office is listed as 6442 City West Parkway, Eden Prairie, MN 55344.

7. Life Time Fitness, Inc. is a domestic corporation whose registered office is listed as 6442 City West Parkway, Suite 375, Eden Prairie, MN 55344.

2

8. Martini Blu is not an organized business entity, but is an assumed name.

9. On September 23, 2002, a Certificate of Assumed Name was filed with the Minnesota Secretary of State showing FCA Restaurant Holdings, LLC as the entity conducting business as Martini Blu.

10. On October 21, 2002, a Certificate of Registration of Mark was issued to Life Time Fitness, Inc. for Martini Blu.

11. On October 21, 2002, Eric Buss, Secretary of LifeTime Fitness, Inc. wrote a letter stating Life Time Fitness, Inc. is the sole owner of FCA Restaurant Holdings, LLC.

13. On November 21, 2005, FCA Restaurant Holdings, LLC officially changed its name with the Minnesota Secretary of State to FCA Restaurant Company, LLC.

14. On December 6, 2005, the registration of the trade mark Martini Blu was assigned to FCA Restaurant Company, LLC.

15. On December 31, 2007, FCA Restaurant Company, LLC failed to file its annual registration with the Minnesota Secretary of State.

16. On January 7, 2008, FCA Restaurant Company, LLC had its corporate status revoked by the Minnesota Secretary of State.

## IV. Factual Allegations

### A. Fair Credit Reporting Act

17. In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

3

18. One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. § 1681c(g), this provision provides:

> Except as otherwise provided in this subsection, no person that accepts credit or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

("Receipt Provision").

19. FACTA was enacted on December 4, 2003. It became effective 3 years from that date for any cash register or other machine or device that electronically prints receipts for credit or debit card transactions ("Devices") that was in use before January 1, 2005, and 1 year for Devices put into use after January 1, 2005. 15 U.S.C. § 1681c(g)(3).

20. In anticipation of the December 4, 2006 deadline, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the need for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and Mastercard, implemented policies well in advance of the effective date to ensure the compliance with the Receipt Provision, by themselves, as well as that of their customers. For example, on March 6, 2003, VISA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy and publicly announced VISA USA's new truncation policy to protect consumers from identity theft.

21. The vast majority of persons who print credit or debit card receipts comply with the Receipt Provision.

22. In May of 2007 the Federal Trade Commission ("FTC") issued an FTC Business Alert titled "Slip Showing Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts" ("Alert"). The Alert explicitly stated, "You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT: \*\*\*\*\*\*\*\*\*\*\*12345

EXP: \*\*\*\*"

The Alert even goes on to state, "Why is it important for businesses to comply with this law? .... In addition, the law allows consumers to sue businesses that don't comply and to collect damages and attorney fees."

23. The FCRA provides that any "person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to 1) statutory damages of not less than $100 and not more than $1,000; 2) punitive damages; and, 3) attorney fees and costs." 15 U.S.C. § 1681n(a).

### B. The Experience of the Representative Plaintiff

24. On April 1, 2008, Plaintiff made a purchase at Martini Blu and used his credit card to pay for the purchase. The receipt provided to Plaintiff included both the Plaintiff's entire credit card number as well as its expiration date.

5

25. At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful within the meaning of the FCRA.

## V. Class Action Allegations

27. Plaintiff brings this action individually and as a class action for Defendant's violation of section 1681c(g) of the FCRA, pursuant to Rules 23.01 and 23.02 of the MinnesotaRules of Civil Procedure, on behalf of the following Class: All persons in the United States to whom, on or after August 7, 2008 (the "Class Period") Defendant provided an electronically printed receipt to Plaintiff that included more than the last five digits of the Defendant's credit card or debit card number and/or the expiration date.[1]

28. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the Class numbers in the hundreds, if not thousands, as referenced above.

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

   a) Whether the Defendant willfully violated Section 1681c(g) of the FCRA by providing consumers, who used their credit or debit cards at the point of

---

[1] Alternatively, if Defendant's devices went into use before January 1, 2005, then the class would be defined to include all consumers who received a receipt after December 6, 2006. See 15 U.S.C. § 1681p(1). Plaintiff will conduct relevant discovery to ascertain this information prior to class certification.

sale with electronically printed receipts that did not comply with the Receipt Provision; and

b) The appropriate measure of damages sustained by Plaintiff and other members of the Class.

30. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

31. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this claim.

32. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

33. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory

damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI. COUNT ONE -- FCRA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. During the Class Period, Plaintiff and members of the Class were provided receipt(s) at Martini Blu by Defendant that failed to comply with the Receipt Provision.

37. Defendant knew or should have known about both the Receipt Provision as well as the need to comply with said provision.

38. On information and belief, VISA, Mastercard, PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other machines or devices that process credit and debit card payments, and/or other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card numbers and expiration dates on receipts provided to consumers.

39. Upon information and belief, Defendant was required by VISA, MasterCard, and other credit card companies to comply with the Receipt Provision.

40. Defendant and its subsidiaries operate other businesses, including health clubs, that accept credit cards. The majority of receipts provided to consumers by Defendants and their subsidiaries in these businesses comply with the Receipt Provision.

41. Notwithstanding the significant amount of time to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the repeated reminders of FACTA and its accompanying provisions; the requirements imposed by VISA, MasterCard and other credit card companies; compliance with the Receipt Provision by Defendant in most of its operations; and, the compliance by the majority of Defendant's peers and competitors, Defendant willfully violated and continues to violate the FCRA. Defendant's violations of the FCRA expose Plaintiff and members of the Class to an elevated risk of identity theft.

42. As a result of Defendant's willful violations of the FCRA, Defendant is liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681n.

## VII. JURY DEMAND

43. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following relief:

(a) An order certifying the proposed Class under Rule 23 of the Minnesota Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) Statutory damages for willful violation of the FCRA in an amount between $100.00 and $1,000.00 per Class member;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n of the FCRA;

(d)     An order directing Defendant to hereafter electronically print receipts from point of sales transactions in compliance with 15 U.S.C. § 1681c(g); and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

Dated: August 7, 2008

Nathan H. Bjerke
Robert W. Roe
CHAMPION LAW LLC
3252 Rice Street
St. Paul, Minnesota 55126
Telephone: 651/766-5885

Curtis P. Zaun
Attorney at Law
3405 Major Avenue North
Minneapolis, Minnesota 55422
Telephone: 651/216-3308

Garrett Blanchfield
Reinhardt Wendorf & Blanchfield
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
Telephone: 651/287-2100

**Attorneys for Plaintiff and the Class**